**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Randy S. Campney

       v.                                    Civil No. 06-cv-297-JD

Superintendent, Bare Hill
Correctional Facility

## O R D E R

Pro se petitioner Randy S. Campney has filed a petition for
a writ of habeas corpus and amendment thereto, pursuant to 28
U.S.C. § 2254, challenging his New Hampshire state court
conviction (document nos. 1, 7-9).  The petition is before me for
preliminary review.  See Rule 4 of the Rules Governing § 2254
Proceedings ("Habeas Rules") (requiring initial review to
determine whether the petition is facially valid); see also
United States District Court for the District of New Hampshire
Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to
preliminarily review pro se pleadings).  Named as the respondent
is John Donelli, Superintendent of the Bare Hill Correctional
Facility ("BHCF").[1]

---

[1]Habeas Rule 2 provides, in relevant part:

(a) If the petitioner is currently in custody under

For the reasons stated in the report and recommendation issued simultaneously herewith, I order the petition served upon the respondents as to Grounds 3, 4(e), 5-9 and 11.  <u>See</u> Habeas Rule 4.  Accordingly, the petition shall be served on the Warden of the BHCF, as the person having current custody of Campney, and

---

      a state-court judgment, the petition must name as respondent the state officer who has custody.

      (b) If the petitioner is not yet in custody – but may be subject to future custody – under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered. . . .

    In the instant petition, it is unclear whether Campney is currently serving his New Hampshire sentence in a New York facility, or whether he will begin serving his New Hampshire sentence at the expiration of the sentence imposed upon him by another jurisdiction.  For purposes of preliminary review, I will allow the petition to proceed in this Court and liberally construe the petition to name as respondents both Donelli and the Attorney General for the State of New Hampshire.  <u>See</u> <u>Maleng v. Cook</u>, 490 U.S. 488, 493 (1989) (prisoner may attack a conviction or sentence for which he is not currently confined but for which he may be subject to future incarceration); <u>Braden v. 30th Judicial Circuit Court</u>, 410 U.S. 484, 500 (1973) (state prisoner may challenge a detainer lodged against him by filing a habeas petition either in his current state of incarceration or in the state which lodged the detainer against him).  <u>See</u> <u>also</u>, <u>Montez v. McKinna</u>, 208 F.3d 862 (10th Cir. 2000)(questions as to whether warden of out-of-state correctional facility in which prisoner was incarcerated was properly named as respondent in habeas petition, and whether correctional official of state of conviction was indispensable party, did not deprive district court or court of appeals of jurisdiction).

2

the Attorney General of the State of New Hampshire, the state where the judgment at issue was entered.  <u>See</u> Habeas Rule 2.

As to the Warden of the BHCF, the Clerk's Office is directed to forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's Office") copies of this order, the accompanying report and recommendation and the habeas corpus petition (document nos. 1, 7-9).  Upon receipt of the necessary documentation, the U.S. Marshal's Office shall effect service upon respondent by delivering the documents to be served to the Warden of the BHCF.  <u>See</u> Fed. R. Civ. P. 4(e).

The Clerk's Office is further directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement On Acceptance Of Service, copies of this order, the accompanying report and recommendation and the habeas corpus petition (document nos. 1, 7-9).

Respondents shall answer or otherwise plead within thirty (30) days of the date of this order.  The answer shall comply with the requirements of Habeas Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted.  <u>See</u> Habeas Rule 8 (providing

3

circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorneys.

**SO ORDERED.**

/s/ James R. Muirhead

James R. Muirhead
United States Magistrate Judge

Date: April  18  , 2007

cc:  Randy Campney, pro se

4