UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Randy S. Campney

    v.                            Civil No. 06-cv-297-JD

Bare Hill Correctional
Facility, Superintendent


O R D E R

Randy S. Campney, proceeding pro se, seeks habeas corpus relief, pursuant to 28 U.S.C. § 2254, from his conviction in Grafton County Superior Court on charges of burglary and theft by unauthorized taking. The Superintendent of Bare Hill Correctional Facility ("Superintendent") moves for summary judgment.[1] Campney objects.


Discussion

On preliminary review, the magistrate judge found that Campney's petition did not show that his claims had been exhausted and gave him an opportunity to amend his petition to demonstrate exhaustion, or, if the claims had not been exhausted, to either withdraw his claims or to notify the court that he was

---

[1] Campney is incarcerated at the Bare Hill Correctional Facility in Malone, New York, serving concurrent sentences for convictions in both New York and New Hampshire.

proceeding in state court to exhaust.  Campney notified the court that he was proceeding in state court to exhaust his claims.

He filed a motion in Grafton County Superior Court to vacate the verdict and to dismiss the indictments against him, which was denied, but the court stated that the grounds he raised could support a motion for a new trial.  Campney appealed the denial of his motion to vacate to the New Hampshire Supreme Court and also filed a motion for a new trial.  The New Hampshire Supreme Court declined his appeal of the decision denying his motion to vacate. Campney notified this court of the resolution of his motion to vacate but failed to mention his motion for a new trial.

The magistrate judge reviewed the petition in light of the state court's decision on Campney's motion to vacate the verdict and to dismiss the indictments.  The magistrate concluded that Campney had exhausted eight of the twelve claims he raised in support of his habeas petition and recommended dismissal of the remaining four claims.  No objection was filed, and the report and recommendation was approved on May 18, 2007.

In his motion for summary judgment, the Superintendent contends that Campney failed to exhaust his claims because he has a pending motion for a new trial in Grafton County Superior Court.  The Superintendent argues, persuasively, that because that motion could grant Campney the relief he is seeking here,

this court should not consider Campney's habeas petition until the state court proceeding is concluded. Campney states, however, that he filed the motion for a new trial, which is captioned for the Grafton County Superior Court, in the New Hampshire Supreme Court. He says that the supreme court chose not to consider his motion for a new trial.[2]

The status of Campney's motion for a new trial is unclear. If Campney's motion is pending in superior court, as the Superintendent contends, this court will not consider his habeas petition until that action is resolved. If, on the other hand, Campney filed the motion with the supreme court and that court denied the motion, the motion is no longer pending. The court will not consider Campney's claims until the issue, of whether a motion for a new trial is pending, is resolved.

The Superintendent also contends that Campney procedurally defaulted most of his claims by waiving them on direct appeal. Procedural default has become a frequent issue in habeas proceedings in this court. See, e.g., Pelletier v. Warden, 2008 WL 3200730, at *3-*4 (D.N.H. Aug. 6, 2008); Belton v. Blaisdell, --- F. Supp. 2d ---, 2008 WL 925153, at *10-*11 (D.N.H. Apr. 2, 2008); Gray v. Cattell, 2008 WL 649234, at *3 (D.N.H. Mar. 4,

---

[2]Campney did not file an order or decision on the motion for a new trial.

2008). If the superior court addresses Campney's claims in his motion for a new trial on the merits, those claims may not be procedurally defaulted. See, e.g., Belton 2008 WL 925153, at *11-*12. Therefore, the issue of procedural default cannot be considered until the motion for a new trial is resolved.

## Conclusion

For the foregoing reasons, the respondent's motion for summary judgment (document no. 58) is denied without prejudice.

**On or before September 5, 2008,** the respondent shall file and serve on the petitioner a report as to the current status of the motion for a new trial. If the motion has been resolved and no related matters are pending in state court, a copy of the relevant order or orders shall be filed. If the motion is pending, the respondent shall file a detailed statement about the current status of the motion. Thereafter, the respondent shall file a status report on the first day of each month until the pending motion is resolved.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

August 26, 2008

cc: Randy S. Campney, Sr., pro se
    Stephen D. Fuller, Esquire

4