UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Randy S. Campney


            v.                          Civil No. 06-cv-297-JD
                                        Opinion No. 2010 DNH 023

Superintendent, Bare Hill
Correctional Facility


O R D E R


        Randy S. Campney, proceeding pro se, seeks relief pursuant

to 28 U.S.C. § 2254 from his conviction in Grafton County

Superior Court on charges of burglary and theft by unauthorized

taking.  The Superintendent of the Bare Hill Correctional

Facility, where Campney was incarcerated, filed a motion for

summary judgment.[1]  Campney has not responded to the motion.

---

        [1]In the report and recommendation, the magistrate noted that
Campney then was incarcerated in New York but that it was unclear
whether Campney was serving his New Hampshire sentence or another
sentence for purposes of Rule 2 of the Rules Governing § 2254
Cases.  Campney has since been moved to the New Hampshire State
Prison.  Although the Warden of the New Hampshire State Prison
may be the proper party, the Superintendent of the Bare Hill
Correctional Facility, who is represented by the New Hampshire
Attorney General, has not moved to clarify the proper party.
Therefore, the party opposing the petition is referred to as "the
respondent."

## Standard of Review

Summary judgment is commonly used in habeas corpus
proceedings.  See Fed. R. Civ. P. 81(a)(4); Rule 12, Rules
Governing § 2255 Cases.  Summary judgment is appropriate when
"the pleadings, the discovery and disclosure materials on file,
and any affidavits show that there is no genuine issue as to any
material fact and that the movant is entitled to judgment as a
matter of law."  Fed. R. Civ. P. 56(c).  The party seeking
summary judgment must first demonstrate the absence of a genuine
issue of material fact in the record.  See Celotex Corp. v.
Catrett, 477 U.S. 317, 323 (1986).

A party opposing a properly supported motion for summary
judgment must present competent evidence of record that shows a
genuine issue for trial.  See Anderson v. Liberty Lobby, Inc.,
477 U.S. 242, 256 (1986).  When a motion for summary judgment is
unopposed, the properly supported facts presented by the moving
party are deemed to be admitted.  LR 7.2(b)(2).  In that case,
the court must consider the claims based on the record, taking
the uncontested facts in the light most favorable to the non-
moving party.  Sanchez-Figueroa v. Panco Popular de P.R., 527
F.3d 209, 212 (1st Cir. 2008).

Background

Campney was charged with burglary and theft by unauthorized taking, based on the robbery of a store and an ATM machine in North Haverhill, New Hampshire, in April of 2002.[2]  Under the terms of an agreement with the state, Campney waived his right to a jury trial and the government presented its case by an offer of proof in Grafton County Superior Court.  After Campney was found guilty on July 14, 2004, he was sentenced to a term to be served concurrently with other sentences he was then serving.

Through counsel, Campney filed an appeal with the New Hampshire Supreme Court.  In the notice of appeal, Campney raised claims that the trial court erred in failing to dismiss the indictment due to delay before he was tried, with a subsidiary issue about the role of the State of New York in the delay; erred when it denied Campney's motion to dismiss and his motion to suppress evidence recovered following a warrantless arrest in New

---

[2]Campney was convicted in Hillsborough County Superior Court of similar charges arising from break-ins at two businesses in Greenville, New Hampshire, which also occurred in April of 2002. Campney was on work release from a New York correctional facility at the time.  He brought a petition for relief under § 2254 from that conviction, which was denied in part in Campney v. Superintendent, Bare Hill Corr. Facility, Civil No. 06-cv-353-SM, 2008 WL 4018177 (D.N.H. Aug. 26, 2008).  The remainder of the petition was denied in Campney v. Superintendent, Bare Hill Corr. Facility, Civil No. 06-cv-353-SM, Op. No. 2009 DNH 093 (D.N.H. June 24, 2009).

York; erred in not providing a hearing or counsel under the
Interstate Agreement on Detainers ("IAD"); erred in granting
defense counsel's request for a continuance while being aware
that the defendant wanted a trial without delay; erred in
formulating an arrest theory that was not supported by the record
or the prosecutor; made factual errors which deprived the
defendant of due process and effective assistance of counsel;
erred in failing to dismiss the charges due to the state's
failure to preserve exculpatory evidence; and erred in failing to
credit time Campney had served prior to trial.  The only issue
that was briefed on appeal, however, was whether the trial court
erred in denying Campney's motion to suppress evidence taken at
the time of his warrantless arrest in New York.  While the appeal
was pending, on February 28, 2005, Campney moved to set aside the
guilty verdict, which the superior court denied without prejudice
on March 10, 2005, because the appeal was pending.  On November
21, 2005, the New Hampshire Supreme Court affirmed the verdict
against Campney.

        Proceeding pro se, Campney filed his habeas petition in this
court on August 14, 2006.  The case was stayed for several months
while Campney provided a showing that he had exhausted his
claims.  The magistrate judge conducted a preliminary review and
issued a report and recommendation, which was approved on May 18,

2007, and allowed eight of the claims Campney raised in support of his petition.  The respondent moved for summary judgment, and in his motion, referred to a motion for a new trial filed by Campney in state court.  As a result, the case was again stayed until the pending motion was resolved.

In the meantime on September 11, 2006, Campney had filed a second motion to vacate the verdict and dismiss the indictments against him in Grafton County Superior Court.  On December 7, 2006, the superior court found that the motion was untimely under Superior Court Rule 105, which requires that motions to set aside a verdict be filed within seven days after the verdict is rendered unless the time is extended for cause.  Despite that determination, the court noted "that many of the issues [Campney] cites as grounds for vacating the verdict may qualify as justification for a new trial pursuant to RSA 526:1."  The court explained that it would review a motion for a new trial, as long as the motion met the requirements of RSA 526:1.  Campney appealed the denial of his motion to set aside the verdict and raised many of the issues that he raises in this case.  The supreme court declined his appeal on March 15, 2007.

Campney filed a motion for a new trial, and the superior court held a hearing on September 30, 2008.  The superior court summarized Campney's claims as contending that newly discovered

5

evidence showed others committed the crimes of which Campney was convicted, that prosecutors withheld exculpatory information and failed to investigate the charges against him, and that his waiver of a jury trial was ineffective.  The court denied the motion on November 3, 2008.  The supreme court declined Campney's appeal on January 8, 2009.

Campney notified this court on September 16, 2009, that his claims were exhausted.  The respondent filed a motion for summary judgment on all claims.  Campney has not filed a response.

## Discussion

As allowed after preliminary review, Campney raises the following issues in support of his petition:  (1) that he did not properly or sufficiently waive a jury trial, (2) that the trial court should have appointed defense counsel under the IAD, (3) that he was denied timely discovery of exculpatory evidence, (4) that he was denied effective assistance of trial counsel, (5) that he was denied effective assistance of appellate counsel, (6) that the prosecution's failure to provide him discovery constituted prosecutorial misconduct, (7) that the trial court denied him a fair trial by formulating a theory to support his arrest, and (8) that he was denied the right to cross-examine

witnesses.  The respondent contends that Campney's claims are
procedurally defaulted and that the claims fail on the merits.

I.  Procedural Default

        "Federal habeas review of a particular claim is precluded in
circumstances in which a state prisoner has defaulted on that
claim in state court by virtue of an independent and adequate
state procedural rule."  Janosky v. St. Amand, --- F.3d ---, 2010
WL 366743, at *3 (1st Cir. Feb. 3, 2010).  To be independent, for
purposes of procedural default, "the state court judgment must
clearly and expressly rest on the prisoner's failure to comply
with the state procedural rule."  Pina v. Maloney, 565 F.3d 48,
52 (1st Cir. 2009) (citing Harris v. Reed, 489 U.S. 244, 266
(1989)); see also Delaney v. Bartee, 522 F.3d 100, 104 (1st Cir.
2008).  Adequacy of the state ground depends on whether the state
rule is regularly and consistently enforced by the state court.
Pina, 565 F.3d at 53; see also Pike v. Guarino, 492 F.3d 61, 74
(1st Cir. 2007).  When it applies, procedural default can be
surmounted only by a showing of cause for the default and actual
prejudice resulting from deprivation of a constitutional right.
Yeboah-Sefah v. Ficco, 556 F.3d 53, 66 (1st Cir. 2009).

        The respondent argues that because Campney briefed only one
of the issues raised in his notice of appeal following his

conviction, the unbriefed issues are procedurally defaulted.  In addition, the respondent contends that other issues, which could have been raised on direct appeal, are also defaulted.  Further, the respondent asserts that the remaining issues, claims of ineffective assistance of counsel, were defaulted on "post-conviction review."

When a petitioner has defaulted issues in state court but the last state court to hear the issue or issues nevertheless reaches the merits, "any bar to federal review is lifted." Gunter v. Maloney, 291 F.3d 74, 80 (1st Cir. 2002) (citing Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991)).  The principle that procedurally defaulted issues may be revived by subsequent proceedings was explained in Campney's related habeas proceeding in this court.  See Campney, 2008 WL 4018177, at *4 ("More importantly, however, as the Supreme Court has explained:  'State procedural bars are not immortal . . . they may expire because of later actions by state courts.  If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available.'" quoting Ylst, 501 U.S. at 801).  In addition, the court explained in this case in response to the respondent's prior motion for summary judgment:  "If the superior court addresses Campney's claims in his motion for a new trial on the

8

merits, those claims may not be procedurally defaulted.  See, e.g., Belton [v. Blaisdell, 599 F. Supp. 2d 128, 142-43 (D.N.H. 2008)].”

Despite the instruction in Campney and the court's warning against the blanket application of procedural default in this case, the respondent persists in asserting that all of Campney's claims are procedurally defaulted.  The state courts, in this case, did not rely "clearly and expressly" on procedural default in any of the decisions, and the respondent fails to show procedural grounds for the decisions.  Although the superior court cited the time limit imposed by Superior Court Rule 105 in the decision on Campney's second motion to vacate his conviction, the court then noted that the issues Campney raised could support a motion for a new trial and invited him to file such a motion. The order on Campney's motion for a new trial does not mention procedural default and, instead, addresses the issues on the merits.  The respondent fails to mention the superior court's order on Campney's motion for a new trial for purposes of procedural default.

While it is possible that a persuasive argument could be made to support procedural default as to some of the issues Campney raises, the respondent has not done so here.  The court

will not examine the state court proceedings on the respondent's
behalf to determine whether issues were procedurally defaulted.

II.   <u>Claims on the Merits</u>

     The respondent contends that four issues Campney raises,
waiver of a jury trial, discovery of exculpatory evidence,
prosecutorial misconduct based on discovery, and cross-
examination of witnesses, were addressed correctly by the Grafton
County Superior Court in deciding Campney's motion for a new
trial.  The respondent asserts that Campney's claim that the
trial court relied on an unsupported theory of arrest is unclear
and lacks grounds for relief under § 2254.  With respect to
Campney's claim that the trial court failed to appoint counsel
under the IAD, the respondent relies on res judicata, based on a
decision on the same issue in <u>Campney</u>, Civil No. 06-cv-353-SM,
Op. No. 2009 DNH 093.  The respondent addresses Campney's two
claims of ineffective assistance of counsel under the applicable
standard and concludes that Campney has not demonstrated either
deficient representation or resulting prejudice.

     To succeed on a petition under § 2254 that challenges the
state court's legal conclusions, a petitioner must show that "the
state court's decision 'was contrary to, or involved an
unreasonable application of, clearly established Federal law, as

established by the Supreme Court of the United States.'"  <u>Abrante</u>
<u>v. St. Amand</u>, --- F.3d ---, 2010 WL 366747, at *2 (1st Cir. Feb.
3, 2010) (quoting § 2254(d)(1)).  Challenges to the state court's
factual findings will succeed only if "the state court's decision
'was based on an unreasonable determination of the facts in light
of the evidence presented in the State court proceeding" as shown
by clear and convincing evidence.  <u>Id.</u> (quoting § 2254(d)(2));
<u>see also</u> § 2254(e)(1).  If the petitioner did not develop the
factual basis of the claim in state court, the federal court will
not hold a hearing unless the claim is based on a new rule of
constitutional law, the underlying facts could not have been
discovered previously, or the underlying facts "would be
sufficient to establish by clear and convincing evidence that but
for constitutional error, no reasonable factfinder would have
found the applicant guilty of the underlying offense."  §
2254(e).

    A.  <u>Waiver Issues</u>

    Campney contends that he did not voluntarily waive his right
to a jury trial and that because he was tried by proffer, he was
not allowed to cross examine witnesses.  He alleges in support of
his § 2254 petition that his waiver was not constitutionally
valid because he was told if he did not waive his jury trial

11

right, he would receive consecutive sentences if found guilty;
the jury was dismissed without his knowledge or consent; and
during the trial, the court allowed evidence favorable to the
prosecution while denying rebuttal evidence by the defense.  The
respondent addresses the waiver and cross examination issues
together.[3]

A criminal defendant can waive his Sixth Amendment rights to
a jury trial and to confront witnesses against him.  See Boykin
v. Alabama, 395 U.S. 238, 243-44 (1969); see also Patton v.
United States, 281 U.S. 276, 312-13 (1930).  To meet
constitutional standards, the waiver of Sixth Amendment rights
must be voluntary and a knowing and intelligent relinquishment of
those rights.  United States v. Frechette, 456 F.3d 1, 9 (1st
Cir. 2006).  A waiver of a jury trial is valid, not involuntary
or coerced, even when it is made in exchange for a favorable
sentencing recommendation as long as the incentive is not so
powerful that it would coerce an inaccurate plea.  See Corbitt v.
New Jersey, 439 U.S. 212, 219-20 & 225 (1978); United States v.
Yeje-Cabrera, 430 F.3d 1, 25 (1st Cir. 2005).  If the waiver

---

[3]The respondent provides only a cursory review of the waiver
issues, without any citation to the federal standard or other
developed argument.  Although the respondent's brief is
deficient, to avoid additional delay, the court will address the
issues on the merits.

otherwise meets the constitutional standard, it need not be in
writing or be signed by the defendant to be effective.  United
States v. Leja, 448 F.3d 86, 93-94 (1st Cir. 2006).

    The state trial court held a hearing on July 6, 2004, to
address the parties' agreement to proceed with a bench trial by
proffer.  The prosecutor stated that Campney had agreed to waive
a jury trial in exchange for the state's recommendation that he
be sentenced to three and one half to seven years of imprisonment
on the burglary charge and five to ten years on the theft charge,
which would be served concurrently with a sentence imposed by the
Hillsborough County Superior Court and a sentence Campney was
serving in New York.[4]  Defense counsel added that the defense
reserved the right to argue that the state's offer of proof was
insufficient to sustain the complaint or to support a conviction.
Defense counsel represented that the state had agreed that the
defense would move for a hearing on an issue under the IAD and
that Campney preserved certain issues for appeal that he had
previously raised pro se.  The court asked Campney if he agreed
to the arrangement described by the prosecutor and defense
counsel.  Campney responded:  "Yes, I do."

---

    [4]Specifically, the prosecutor stated, as to the theft
charge, that the state would recommend "5 to 10 years New
Hampshire State Prison suspended consecutive for 10 years."

Campney challenged his waiver of a jury trial in the context of his motion for a new trial, arguing that his waiver was invalid because it was not in writing.  In its order, the state court held that Campney "knowingly, voluntarily and intelligently waived his right to jury trial on the record in return for the State's agreement to concurrent sentences."  The court noted that although it is "good practice" to obtain a written and signed waiver, Campney had not "provided any indication that his waiver was not knowing, voluntary and intelligent" and concluded that Campney's "conduct in this case--stating for the court that he understood that he was waiving his right in exchange for a favorable sentence if convicted--reflects a constitutionally valid waiver."

In the absence of any evidence to the contrary, the factual basis for the state court's decision stands.  The legal standard the court applied comports with the federal standard.  Therefore, the record does not support Campney's claim for relief under § 2254 on the issues of his waiver of a jury trial and the lack of an opportunity for cross examination of the witnesses against him.

14

B.  Discovery Issues

As construed on preliminary review, Campney contends that he was denied timely discovery, including exculpatory evidence, which violated his federal right to due process and a fair trial and that the prosecutor improperly denied him discovery and misled the court.  Campney alleges that he had to find exculpatory evidence himself, through administrative and civil court actions, which the prosecutor should have disclosed.  He also charges that the prosecutor misled the court by representing that discovery had been provided.  The respondent relies on the state court's decision, denying Campney's motion for a new trial, on the discovery issues.

Under federal law, a prosecutor must disclose, upon request, material that is favorable to the defendant, if it is material to his guilt or punishment.  Brady v. Maryland, 373 U.S. 83, 87 (1963); United States v. DeCologero, 530 F.3d 36, 64 (1st Cir. 2008).  A failure to disclose "Brady" material constitutes a violation of the defendant's right to due process.  Brady, 373 U.S. at 87; United States v. Rivera-Hernandez, 497 F.3d 71, 79 (1st Cir. 2007).

In response to Campney's motion for a new trial, the state court noted that Campney raised issues about the prosecution's failure to turn over exculpatory information and to investigate

15

the charges against him.  Campney identified a file compiled by
the Vermont State Police, which Campney said might contain
information about an investigation into another crime committed
by Campney and his former wife and notes about three other
individuals.  He also stated that the prosecution falsely
represented that the New Hampshire State Police were not present
when he was arrested, when a videotape showed him coming through
the ceiling of a store (suggesting that the police were present
and made the videotape).  Campney further stated that a man he
met in prison might be responsible for the crimes that Campney
was convicted of committing and that his former wife was
pressured into testifying against him.

The state court discussed the information Campney presented
and concluded that Campney had not shown that any of the
information he raised was material or exculpatory of the crimes
for which he was convicted.  The court also held that Campney had
not identified any evidence that was relevant to his guilt or
punishment that was withheld by the prosecution.  Further, the
court noted that Campney did not show prosecutorial misconduct
because there was no indication that the state possessed the
evidence he cited.

Campney provided no detail to support his claims of withheld
evidence for purposes of his habeas proceedings here.  As a

result, he has not shown what discovery was not provided, without which, he cannot show that he was denied material and exculpatory information.  Based on the present record, Campney has not shown that he is entitled to relief under § 2254 on <u>Brady</u> issues.

      C.  <u>Arrest</u>

Campney asserted that he was denied his right to a fair trial because the trial court relied on its own theory of his arrest, which was not introduced by the prosecutor or supported by the record.  Because Campney's petition lacks any further explanation, the grounds for his claim are unclear.  Campney raised an issue on direct appeal pertaining to his arrest: that his warrantless arrest was not supported by reasonable cause. The New Hampshire Supreme Court held that because the warrant required to arrest for a parole violation under New York law is issued administratively, rather than by a neutral magistrate, and because reasonable cause existed to support the arrest, no constitutional violation occurred in the absence of a warrant.

Because a parolee is in custody during the term of parole, retaking a parolee for a parole violation is not an arrest for purposes of the Fourth Amendment.  <u>Jenkins v. Currier</u>, 514 F.3d 1030, 1033 (10th Cir. 2008); <u>see also</u> <u>United States v. Cardona</u>, 903 F.2d 60, 63 (1st Cir. 1990).  Therefore, warrantless arrests

of parole violators, based on something less than probable cause, do not offend the Constitution.  Sherman v. U.S. Parole Comm'n, 502 F.3d 869, 873 (9th Cir. 2007).

The New Hampshire Supreme Court's decision was neither contrary to nor an unreasonable application of federal law.  To the extent Campney may have intended to challenge the factual basis for the trial court's arrest theory, he has not shown that the court made an unreasonable determination of the facts or that the decision was contrary to or an unreasonable application of federal law.  Therefore, Campney is not entitled to relief based on his arrest theory claim.

### D.   Right to Counsel under the IAD

Campney contends that because the trial court did not appoint counsel under the IAD, the resulting delay in appointing counsel impaired the preparation of his defense.  In support of the motion for summary judgment, the respondent contends that Campney raised the same issue in the related case, which was decided against him.  Campney, Civil No. 06-cv-353-SM, Op. No. 2009 DNH 093.  Based on that ruling, the respondent argues that Campney's IAD claim is barred by the doctrine of res judicata.[5]

---

[5]The respondent mistakenly relies on the doctrine of res judicata under New Hampshire law, which does not govern the

A final judgment on the merits entered in federal court
precludes the parties from relitigating claims that were, or
could have been, raised in that case.  Coors Brewing Co. v.
Mendez-Torres, 562 F.3d 3, 8 (1st Cir. 2009).  The elements of
res judicata are:  "(1) a final judgment on the merits in an
earlier suit, (2) sufficient identicality between the causes of
action asserted in the earlier and later suits, and (3)
sufficient identicality between the parties in the two suits."
Haag v. United States, 589 F.3d 43, 45 (1st Cir. 2009).  A final
judgment following summary judgment supports the application of
res judicata.  See Maher v. GSI Lumonics, Inc., 433 F.3d 123, 127
(1st Cir. 2005).

In the related case, Campney argued, as he does here, that
the state court failed to appoint counsel for him under the IAD.
Campney, Op. No. 2009 DNH 093, at *3.  The court noted, "he does
not identify any IAD provision that pertains to the appointment
of counsel, and the court has been unable to find such a
provision."  Id.  Due to the lack of any IAD requirement for the
appointment of counsel, the court ruled:  "Because nothing the
trial court could have done regarding the appointment of counsel
could have violated the IAD, petitioner's IAD-based ground for

---

preclusive effect of federal court decisions in federal court.

relief does not state a habeas claim." Id. Summary judgment was granted in favor of the respondent, and final judgment was entered on June 29, 2009.

Campney provides no support for his IAD claim in this case. Therefore, for the reasons stated in Campney, Op. No. 2009 DNH 093, at *3, his claim is denied.

### E.   Ineffective Assistance of Counsel

Campney contends that he was denied effective assistance of counsel both at the trial level and on appeal.  In support of his claim that trial counsel was ineffective, Campney alleges only that he has had limited success in obtaining exculpatory evidence from police agencies involved in this case.  He contends that appellate counsel was ineffective "because of an incomplete records [sic] and the inability of defendant to communicate in meaningful way with his appellate counsel due to his out-of-state incarceration."  The respondent seeks summary judgment on the ground that counsels' performances were not below standard and that Campney cannot show any prejudice resulted.

To succeed on a claim of ineffective assistance of either trial or appellate counsel, a habeas petitioner must show both that his trial counsel's representation fell below "an objective standard of reasonableness" and that the "deficient performance

prejudiced the defense." <u>Pina v. Maloney</u>, 565 F.3d 48, 54-55
(1st Cir. 2009) (citing <u>Strickland v. Washington</u>, 466 U.S. 668,
687-88 (1984)); <u>see also</u> <u>Owens v. United States</u>, 483 F.3d 48, 63
(1st Cir. 2007) (applying standard for trial and appellate
counsel).  "A lawyer's performance is considered deficient only
where, given the facts known at the time, counsel's choice was so
patently unreasonable that no competent attorney would have made
it." <u>Abrante</u>, 2010 WL 366747, at *5 (internal quotation marks
omitted).  Prejudice requires the petitioner to show "that, but
for counsel's unprofessional error, there is a reasonable
probability that the result of the proceeding would have been
different." <u>Yeboa-Sefah v. Ficco</u>, 556 F.3d 53, 70 (1st Cir.
2009).

     The lack of specificity in Campney's claim, combined with
his failure to respond to the motion for summary judgment,
provides no support for his claims of ineffective assistance of
counsel.  In the absence of any indication of what exculpatory
evidence Campney charges his trial counsel failed to obtain or
what records were incomplete for appeal, the court cannot
evaluate Campney's claims that their representation was not
objectively reasonable.  Similarly, although Campney states that
his incarceration in New York interfered with his communications
with appellate counsel, he does not explain what effect that had

on his representation.  Therefore, the record does not show any evidence that counsel's representation was ineffective or that Campney's case was prejudiced.

### Conclusion

For the foregoing reasons, the respondent's motion for summary judgment (document no. 81) is granted.  The petition for habeas corpus relief is denied.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

February 10, 2010

cc:  Randy S. Campney, Sr., #76866, pro se
     Stephen D. Fuller, Esquire
     Susan P. McGinnis, Esquire
     Elizabeth C. Woodcock, Esquire

22